UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: READY-MIXED CONCRETE PRICE FIXING LITIGATION, | ) | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) | MASTER DOCKET NO. 1:05-CV-00979-SEB-VSS |

**ORDER DENYING THE IMI DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Boyle Construction Management, Inc., on behalf of itself and all individuals and entities who purchased ready-mixed concrete directly from defendant (hereinafter "the Class" or "Plaintiffs"), filed a Complaint alleging antitrust violations against Irving Materials, Inc. ("IMI") and unnamed co-conspirators on June 30, 2005, one day after IMI reached a plea agreement with the United States based on violations of the Sherman Act, 15 U.S.C. § 1. This matter is now before the Court on IMI, Fred R. ("Pete") Irving, John Huggins, Daniel C. Butler and Price Irving's (collectively the "IMI Defendants") motion for judgment on the pleadings seeking to bar the claims brought by the Class which arose prior to the four-year statute of limitations, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court DENIES this motion.

# LEGAL ANALYSIS

## I. Standard of Review

A party moving to dismiss under Fed. R. Civ. P. 12(c) bears a weighty burden. The party must show beyond a doubt that the non-moving party "cannot prove any facts that support his claim for relief." N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998); Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). Where, as here, the parties submit no evidence outside the pleadings, a motion for judgment on the pleadings is reviewed under the standard of a Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P., motion to dismiss. Guise v. BMW Morg., LLC, 377 F.3d 795, 798 (7th Cir. 2004); R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs, 335 F.3d 643, 647 (7th Cir. 2003). On a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true. We also construe all reasonably drawn inferences from the facts in a light most favorable to the party opposing the motion: in this case, the Class. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II. Statute of Limitations

The IMI Defendants seek judgment on the pleadings with respect to the claims against them arising out of purchases made prior to June 30, 2001, the date which allegedly marks the four-year statute of limitations. In their original motion, the IMI Defendants state:

> 1) The Clayton Act's four year statute of limitations, 15 U.S.C. § 15b, bars the Class's claims for any period prior to June 30, 2001.
>
> 2) The statute of limitations accrues at the time of the Class's alleged purchase at an allegedly inflated price. Thus, the Class's claims in this suit filed on June 30, 2005 are barred with respect to any purchase made prior to June 30, 2001.
>
> 3) The Class's attempt to plead fraudulent concealment to toll the statute does not satisfy the fraud pleading standards of particularity established by FRCP 9(b).
>
> 4) Accordingly, the IMI defendants are entitled to judgment on the pleadings with respect to all claims beyond the four year period.

IMI's Motion 1-2.

The IMI Defendants' subsequent reply acknowledged an intervening case, In re Copper Antitrust Litigation, 436 F.3d 782, 789-90 (7th Cir. February 6, 2006), "which requires that the Court deny, in part, this Motion" based on its holding that the four-year statute of limitations for antitrust actions is subject to the discovery accrual rule. IMI's Reply at 1; citing Copper at 789-90. However, the IMI Defendants maintain that their motion should be denied only in part because Plaintiffs' allegations of fraudulent concealment cannot survive under the Seventh Circuit's standard, which requires overt acts "above and beyond" the wrongdoing to establish fraudulent concealment. IMI Reply at 1-3, citing Flight Attendants v. Commissioner of Internal Revenue, 165 F.3d 572, 577 (7th Cir. 1999).

**A. Discovery Rule**

As stated previously, during the pendency of this motion, the Seventh Circuit issued the opinion in Copper, which articulates the application of the discovery rule in antitrust actions.

> As an initial matter, plaintiffs' antitrust claims are subject to a four-year statute of limitations. 15 U.S.C. § 15b; see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) ("The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is 'commenced within four years after the cause of action accrued' . . . ." (quoting 15 U.S.C. § 15(b)). Generally, an antitrust "cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." Zenith, 401 U.S. at 338. As in other areas of the law, however, in the absence of a contrary directive from Congress this rule is qualified by the discovery rule, which "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990). "This principle is based on the general rule that accrual occurs when the plaintiff discovers that 'he has been *injured* and who *caused* the injury.'" Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 688 (7th Cir. 2004) (quoting United States v. Duke, 229 F.3d 627, 630 (7th Cir. 2000) (emphasis in original).

Copper at 789.

In the case at bar, the Class was initially injured when it purchased the illegally-priced product. Zenith, 401 U.S at 339. However, the discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." Copper at 789 (internal citation omitted). The Complaint states that the Class "had no knowledge of the wrongful conduct alleged

herein or of any of the facts that might have led to discovery thereof, until on or about June 2005, when the U.S. Department of Justice announced the guilty plea entered by Irving Materials, Inc." Compl. ¶ 27. Taking this well-pleaded allegation as true, the four-year statute of limitations began to accrue on June 1, 2005, the earliest date at which the Class could have discovered that it was injured and who caused the injury; according to the Complaint. See Compl. ¶¶ 52, 47. Accordingly, the IMI Defendants' Motion for Judgment on the Pleadings—that the Class's damages incurred before June 30, 2001 are barred by the Statute of Limitations—is hereby DENIED based on the required application of the discovery rule.

**B. Fraudulent Concealment**

The IMI Defendants ask the Court to grant their "motions for judgment on the pleadings, or for dismissal pursuant to Rule 12(b)(6), that plaintiff[s] may not extend or toll the limitations period because the asserted fraudulent concealment is legally insufficient." IMI's Reply at 6.

Quoting again from the decision in Copper, the Seventh Circuit states:

> Fraudulent concealment is a type of tolling within the doctrine of equitable estoppel. Fraudulent concealment "presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." Copper at 791 (quoting Cada v. Baxter Healthcare Corp.,920 F.2d 446, 451 (7th Cir. 1990).

The IMI Defendants' argument thus misses the mark.[1] Whether or not the Complaint properly pled fraudulent concealment is irrelevant. As stated above, the four-year statute of limitations began to accrue on June 1, 2005, the earliest date according to the Complaint at which the Class could have discovered that it was injured and who caused the injury. Therefore, all of the Class's claims as stated in the Complaint are timely, and the statute of limitations does not bar those purchases made prior to June 30, 2001. Because all claims are timely there is no reason to discuss whether fraudulent concealment was properly pled in order to toll the statute of limitations. The statute of limitations simply does not need to be tolled.

CONCLUSION

For the reasons stated above, the Court DENIES the IMI Defendants' Motion for Judgment on the Pleadings. IT IS SO ORDERED.

---

[1] In our view, the Class's argument is off-base as well. The Class argues in its Surreply that it pleaded with particularity that the Defendants engaged in independent affirmative acts of concealment, "above and beyond" the alleged price-fixing such as attending secret meetings and deliberately precluding the creation of evidence by restricting note-taking. Surreply at 3; citing Compl. ¶¶ 50-51. These alleged affirmative and fraudulent acts of concealment were allegedly designed specifically to prevent Plaintiffs and other Class members from detecting Defendants' unlawful conduct. Id. The Class argues that "[u]nder the standard confirmed in Copper, Plaintiffs' allegations of fraudulent concealment easily satisfy the generous standard for a motion for judgment on the pleadings, and support the conclusion that 'fraudulent concealment should be invoked to toll the statute of limitations.'" Surreply at 3-4; citing Copper, 436 F.3d at 790.

Date: 09/29/2006

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Anthony Parker Aaron
ICE MILLER LLP
anthony.aaron@icemiller.com

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Steven A. Asher
WEINSTEIN KITCHENOFF & ASHER, LLC
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Steven M. Badger
MCTURNAN & TURNER
sbadger@mtlitigation.com

Barry C. Barnett
SUSMAN GODFREY LLP
bbarnett@susmangodfrey.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com

Robert J. Bonsignore

BONSIGNORE & BREWER
rbonsignore@aol.com

Michael Wesley Boomgarden
UNITED STATES DEPARTMENT OF JUSTICE
michael.boomgarden@usdoj.gov

Jonathan Bridges
SUSMAN GODFREY LLP
jbridges@susmangodfrey.com

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN PLLP
wjbruckner@locklaw.com

James A. L. Buddenbaum
PARR RICHEY OBREMSKEY & MORTON
jbuddenbaum@parrlaw.com

Jason R. Burke
HOPPER & BLACKWELL
jburke@hopperblackwell.com

Warren T. Burns
SUSMAN GODFREY LLP
wburns@susmangodfrey.com

Kathleen C. Chavez
CHAVEZ LAW FIRM
416 S. Second Street
Geneva, IL 60134

Bryan L. Clobes
MILLER FAUCHER & CAFFERTY LLP
bclobes@millerfaucher.com

Jay S. Cohen
SPECTOR ROSEMAN & KODROFF P.C.
jcohen@srk-law.com

Stephen E. Connolly

SCHIFFRIN & BARROWAY LLP
sconnolly@sbclasslaw.com

Jeffrey J. Corrigan
SPECTOR ROSEMAN & KODROFF P.C.
jcorrigan@srk-law.com

Isaac Lee Diel
LAW OFFICES OF ISAAC L. DIEL
dslawkc@aol.com

Jonathan Asher Epstein
UNITED STATES DEPARTMENT OF JUSTICE
jonathan.epstein@usdoj.gov

Vincent J. Esades
HEINS MILLS & OLSON
vesades@heinsmills.com

Lara E. FitzSimmons
JENNER & BLOCK LLP
lfitzsimmons@jenner.com

Yvonne M. Flaherty
LOCKRIDGE GRINDAL NAUEN PLLP
ymflaherty@locklaw.com

Robert Foote
FOOTE MEYERS MIELKE & FLOWERS, LLC
416 S. Second Street
Geneva, IL 60134

Lisa Jean Frisella
THE MOGIN LAW FIRM
lisa@moginlaw.com

Chris C. Gair
JENNER & BLOCK LLP
cgair@jenner.com

Jerry Avan Garau
FINDLING GARAU GERMANO & PENNINGTON
jgarau@fggplaw.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Michael D. Gottsch
CHIMICLES & TIKELLIS LLP
michaelgottsch@chimicles.com

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Mark Kevin Gray
GRAY & WHITE
mkgrayatty@aol.com

Betsy Katherine Greene
GREENE & SCHULTZ
bkgreene@kiva.net

Geoffrey Mitchell Grodner
MALLOR CLENDENING GRODNER & BOHRER
gmgrodne@mcgb.com

Theresa Lee Groh
MURDOCK GOLDENBERG SCHNEIDER & GROH LPA
tgroh@mgsglaw.com

James H. Ham III
BAKER & DANIELS
jhham@bakerd.com

Marshall S. Hanley
FINDLING GARAU GERMANO & PENNINGTON
mhanley@fggplaw.com

Gregory P. Hansel
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY LLP
ghansel@preti.com

Michael David Hausfeld
COHEN MILSTEIN HAUSFELD & TOLL

mhausfeld@cmht.com

Samuel D. Heins
HEINS MILLS & OLSON PLC
700 Northstar East
608 2nd Avenue South
Minneapolis, MN 55402

William E. Hoese
KOHN SWIFT & GRAF PC
whoese@kohnswift.com

George W. Hopper
HOPPER & BLACKWELL
ghopper@hopperblackwell.com

Troy Jerome Hutchinson
HIENS MILLS & OLSON
thutchinson@heinsmills.com

Michael B. Hyman
MUCH SHELIST
mbhyman@muchshelist.com

Curtis T. Jones
BOSE, MCKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204

Daniel Richard Karon
GOLDMAN SCARLATO & KARON PC
karon@gsk-law.com

G. Daniel Kelley Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Jamie Ranah Kendall
PRICE WAICUKAUSKI RILEY & DEBROTA
jkendall@price-law.com

Jay P. Kennedy
KROGER GARDIS & REGAS
jpk@kgrlaw.com

Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF P.C.
jkodroff@srk-law.com

Joseph C. Kohn
KOHN SWIFT & GRAF PC
jkohn@kohnswift.com

Offer Korin
KATZ & KORIN
okorin@katzkorin.com

Matthew Davidson Lamkin
BAKER & DANIELS
matthew.lamkin@bakerd.com

Shannon D. Landreth
MCTURNAN & TURNER
slandreth@mtlitig.com

Gene R. Leeuw
LEEUW OBERLIES & CAMPBELL PC
gleeuw@indylegal.net

Joseph M. Leone
DREWRY SIMMONS VORNEHM, LLP
jleone@drewrysimmons.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN PLLP
2200 Washington Square Bldg
100 Washington Ave South
Minneapolis, MN 55410

Jennifer Stephens Love
FINDLING GARAU GERMANO & PENNINGTON
jlove@fggplaw.com

James R. Malone Jr.
CHIMICLES & TIKELLIS LLP
jamesmalone@chimicles.com

Chad Michael McManamy
THE MOGIN LAW FIRM
chad@moginlaw.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

John M. Mead
LEEUW OBERLIES & CAMPBELL PC
jmead@indylegal.net

Ellen Meriwether
MILLER FAUCHER & CAFFERTY LLP
One Logan Square
18th & Cherry Streets, Suite 1700
Philadelphia, PA 19103

Marvin Miller
MILLER FAUCHER & CAFFERTY LLP
30 North La Salle Street
Suite 3200
Chicago, IL 60602

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Christopher Allan Moeller
PRICE WAICUKAUSKI RILEY & DEBROTA
cmoeller@price-law.com

Daniel Jay Mogin
THE MOGIN LAW FIRM

dmogin@moginlaw.com

John Charles Murdock
MURDOCK GOLDENBERG SCHNEIDER & GROH LPA
jmurdock@mgsglaw.com

Casandra Murphy
SCHIFFRIN & BARROWAY LLP
cmurphy@sbclasslaw.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Avenue
Elkins Park, PA 19027

Cathleen L. Nevin
KATZ & KORIN
cnevin@katzkorin.com

Patrick B. Omilian
MALLOR CLENDENING GRODNER & BOHRER LLP
pomilian@mcgb.com

Kathy Lynn Osborn
BAKER & DANIELS
klosborn@bakerd.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com

Bernard Persky
LABATON SUCHAROW & RUDOFF LLP
bpersky@labaton.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

Mindee Jill Reuben
WEINSTEIN KITCHENOFF & ASHER LLC
reuben@wka-law.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

William N. Riley
PRICE WAICUKAUSKI RILEY & DEBROTA
wriley@price-law.com

Kellie C. Safar
GOODKIND LABATON RUDOFF & SUCHAROW LLP
ksafar@glrslaw.com

Hollis L. Salzman
LABATON RUDOFF & SUCHAROW LLP
hsalzman@glrslaw.com

L. Kendall Satterfield
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, DC 20007

Robert S. Schachter
ZWERLING SCHACHTER & ZWERLING LLP
rschachter@zsz.com

Eric Lee Schleef
U.S. DEPARTMENT OF JUSTICE
eric.schleef@usdoj.gov

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Frederick William Schultz
GREENE & SCHULTZ
fschultz@kiva.net

Anthony D. Shapiro
HAGENS BERMAN SOBOL SHAPIRO LLP

tony@hbsslaw.com

Charles R. Sheeks
SHEEKS & NIXON LLP
crslaw@sbcglobal.net

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Eugene A. Spector
SPECTOR ROSEMAN & KODROFF P.C.
espector@srk-law.com

Jennifer Sprengel
30 North La Salle Street
Suite 3200
Chicago, IL 60602

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

Edward Price Steegmann
ICE MILLER LLP
ed.steegmann@icemiller.com

Stephen D. Susman
SUSMAN GODFREY LLP
ssusman@susmangodfrey.com

Justin M. Tarshis
ZWERLING SCHACHTER & ZWERLING LLP
jtarshis@zsz.com

Richard M. Volin
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street N.W.
Washington, DC 20007

Frank John Vondrak
UNITED STATES DEPARTMENT OF JUSTICE
frank.vondrak@usdoj.gov

David Bruce Vornehm
DREWRY SIMMONS PITTS & VORNEHM
dvornehm@drewrysimmons.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com

Lawrence Walner
LAWRENCE WALNER & ASSOCIATES
walner@walnerclassaction.com

Randall Batchelder Weill
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY LLP
rweill@preti.com

Stewart M. Weltman
COHEN MILSTEIN HAUSFELD & TOLL PLLC
sweltman@cmht.com

Joseph R. Whatley Jr.
WHATLEY DRAKE LLC
jwhatley@whatleydrake.com

Matthew Lee White
GRAY & WHITE
mattwhiteatty@aol.com

Judy L. Woods
BOSE MCKINNEY & EVANS, LLP
jwoods@boselaw.com

Robert J. Wozniak Jr.
MUCH SHELIST
rwozniak@muchshelist.com

Kendall S. Zylstra
SCHIFFRIN & BARROWAY LLP
kzylstra@sbclasslaw.com

Office of Attorney General
.NULL.