**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE READY-MIXED CONCRETE ) <br> ANTITRUST LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) | Master Docket No. <br> 1:05-cv-00979-SEB-JMS <br> _____ |

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE**

Plaintiffs Kort Builders, Inc., Dan Grote, Cherokee Development, Inc., Wininger/Stolberg Group, Inc., Marmax Construction, LLC, Boyle Construction Management, Inc., and T&R Contractor, Inc. ("Plaintiffs"), by Co-Lead Counsel, and Defendant American Concrete Company, Inc. ("American"), by counsel, have submitted the "Settlement Agreement with American Concrete Company, Inc." dated October 26, 2007 ("Settlement"), and have applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for an order: (1) certifying a Settlement Class; (2) preliminarily approving the terms and conditions set forth in the Settlement as fair, reasonable and adequate; (3) approving forms and a program for notice to the Settlement Class; and (4) scheduling a hearing to consider final approval of the Settlement. The Court has given due consideration to the terms of the Settlement, the Exhibits to the Settlement, the submissions of the parties in support of preliminary approval of the Settlement, and the record of proceedings herein, and now finds that the proposed Settlement should be preliminarily approved pending notice to Class Members and a final hearing on whether the Settlement is fair, reasonable and adequate to the Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement with American Concrete Company, Inc.

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3. This action may be maintained as a class action under Rule 23 for settlement purposes as to American on behalf of the following class (the "Settlement Class"):

> All Persons who purchased Ready-Mixed Concrete directly from any of the Defendants or any of their co-conspirators, which was delivered from a facility within the Counties of Boone, Hamilton, Hancock, Hendricks, Johnson, Madison, Marion, Monroe, Morgan, or Shelby, in the State of Indiana, at any time during the period from and including July 1, 2000 through and including May 25, 2004, but excluding Defendants, their co-conspirators, their respective parents, subsidiaries, and affiliates, and federal, state, and local government entities and political subdivisions.

4. The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(a) are satisfied, including:

   a. The proposed Settlement Class numbers in the thousands and is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to Plaintiffs and members of the Settlement Class, including whether American and the other Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Ready-Mixed Concrete in the Central Indiana Area at artificially high levels, in violation of Section 1 of the Sherman Act, and whether members of the proposed Settlement Class were injured by the conspiracy;

   c. The claims of the Plaintiffs are based on the same legal theory and are typical of the claims of the members of the Settlement Class; and

   d. The Plaintiffs are represented by counsel experienced in complex litigation, have no interests in conflict with the interests of members of the proposed Settlement Class, have displayed their commitment to representing the interests of members of the

Settlement Class during the course of litigation to date, and will fairly and adequately protect the interests of the Settlement Class.

5.  The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(b)(3) are satisfied because questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for fair and efficient resolution of this controversy.

6.  The Court appoints Plaintiffs Kort Builders, Inc., Dan Grote, Cherokee Development, Inc., Wininger/ Stolberg Group, Inc., Marmax Construction, LLC, Boyle Construction Management, Inc., and T&R Contractor, Inc. as Settlement Class Representatives. The Court further appoints Interim Co-Lead Counsel, Irwin B. Levin of Cohen & Malad, LLP, and Stephen D. Susman of Susman Godfrey LLP, as Settlement Class Counsel.

7.  The Court finds that the terms of the Settlement in accordance with and as set forth in the Settlement Agreement are well within the range of a fair, reasonable and adequate settlement between the Settlement Class and American under the circumstances of this case.  The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered by such preliminary approval.

8.  The proposed Notice of Class Action Settlement and Hearing in the forms attached to the Settlement Agreement as Exhibit "A" (for mailed notice) and Exhibit "B" (for publication notice), and the manner of mailing and distribution of such Notice, as set forth in Paragraph 10 below, are hereby approved by this Court as the best notice practicable to the

Settlement Class. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of due process.

9. Pursuant to Rule 23(e), a final fairness hearing (the "Fairness Hearing") shall be held before the undersigned at 10:00 a.m. o'clock, on Friday, April 4, 2008, at the United States Courthouse, Room 210, 46 East Ohio Street, Indianapolis, Indiana, for the purpose of: (a) determining whether the Settlement is fair, reasonable and adequate and should be finally approved; (b) determining whether an order and judgment should be entered dismissing the claims of the Settlement Class members against American; and (c) considering Class Counsel's application for an award of Settlement-related attorneys' fees, costs and expenses pursuant to Rule 23(h). The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Settlement Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.

10. In accordance with the Settlement, Class Counsel shall: (a) mail or cause to be mailed to each Class member for whom an address is available, as soon as practicable but no later than ninety (90) days from the date of this Order, a copy of the Mailed Notice in the form attached to the Settlement as Exhibit "A"; and (b) cause the Published Notice, attached to the Settlement as Exhibit "B", to be published in two issues of the *Indianapolis Star*, no later than eighty (80) days from the date of this Order.

11. Class members shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must: (i) state that the Class member intends to "opt-out" or request "exclusion" from the Settlement Class; (ii) contain the full name and current address of the person or entity requesting exclusion; (iii) contain the title and a statement of

authority of any person requesting exclusion from the Settlement Class on behalf of an entity other than an individual; (iv) contain the title of the Lawsuit: "In re Ready-Mixed Concrete Antitrust Litigation;" (v) be signed by the person or on behalf of the entity requesting exclusion; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark on or before a date certain to be agreed by Plaintiffs and American but no less than thirty (30) days after the date that Mailed Notice is issued (the "Exclusion Deadline").  Members of the Settlement Class who submit a timely and valid request for exclusion from the Settlement Class shall not participate in and shall not be bound by the Settlement.  Members of the Settlement Class who do not timely and validly opt out of the Settlement Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable.

12. Class members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement.  Any objection must: (i) contain the full name and current address of the person objecting; (ii) contain the title and a statement of authority of any person objecting on behalf of an entity other than an individual; (iii) contain the title of the Lawsuit: "In re Ready-Mixed Concrete Antitrust Litigation;" (iv) state the reasons for the Class member's objection; (v) be accompanied by any evidence, briefs, motions or other materials the Class member intends to offer in support of the objection; (vi) be signed by or on behalf of the Class member; and (vii) be sent by U.S. mail, first class and postage prepaid, with a postmark on or before a date certain to be agreed by Plaintiffs and American but no less than thirty (30) days after the date that Mailed Notice is issued (the "Objection Deadline").

13. Any member of the Settlement Class who does not make his, her, or its objection known in the manner provided in the Settlement and Notices shall be deemed to have waived

such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

14. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline, for filing objections, must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

15. Any lawyer intending to appear at the Fairness Hearing must be authorized to represent a Settlement Class Member, must be duly admitted to practice law before the United States District Court for the Southern District of Indiana, and must file a written appearance no later than a date certain to be agreed by Plaintiffs and American but no less than thirty (30) days after the date that Mailed Notice is issued (the "Appearance Deadline"). Copies of the appearance must be served on Class Counsel and counsel for American in accordance with the Federal Rules of Civil Procedure.

16. Not more than thirty (30) days after the Exclusion Deadline, Class Counsel shall file a Notice of Settlement Class Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement Class.

17. No less than Five (5) days prior to the Fairness Hearing, Class Counsel shall file a motion for approval of the attorneys' fees and reasonable expenses, to be paid from the Settlement Fund under the terms of the Settlement once all appeals and/or the time for appeals of the Settlement have been exhausted, along with any supporting materials.

18. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection

therewith shall be without prejudice to the status quo ante rights of the Plaintiffs and American in this action, and all Orders issued pursuant to the Settlement shall be vacated.

      19.    The Court may adjourn the date and/or time of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

      SO ORDERED.

Date:   11/08/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana