**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE READY-MIXED CONCRETE ) <br> ANTITRUST LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) | Master Docket No. <br> 1:05-cv-00979-SEB-JMS |

**ORDER AND JUDGMENT APPROVING SETTLEMENT**

WHEREAS, Plaintiffs Kort Builders, Inc., Dan Grote, Cherokee Development, Inc., Wininger/Stolberg Group, Inc., Marmax Construction, LLC, Boyle Construction Management, Inc., and T&R Contractor, Inc. ("Plaintiffs"), by Co-Lead Counsel, and Defendants Southfield Corporation f/k/a Prairie Material Sales, Inc. and Gary Matney (collectively "Southfield"), by counsel, entered into the "Settlement Agreement with Southfield Corporation f/k/a Prairie Material Sales, Inc. and Gary Matney" dated April 24, 2008 ("Settlement"); and

WHEREAS, the Plaintiffs and Southfield applied pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order certifying a Class for settlement purposes, for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice as set forth in the Settlement;

WHEREAS, on May 7, 2008, pursuant to 28 U.S.C. § 1715, Southfield notified the United States Attorney General and the Attorneys General of the States of Alabama, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington and Wisconsin,

of the proposed Settlement and more than 90 days have passed since that notice was given and entry of this Order;

WHEREAS, on April 28, 2008, the Court provisionally ordered that this Action may be settled as a class action on behalf of the following class (the "Settlement Class"):

> All Persons who purchased Ready-Mixed Concrete directly from any of the Defendants or any of their co-conspirators, which was delivered from a facility within the Counties of Boone, Hamilton, Hancock, Hendricks, Johnson, Madison, Marion, Monroe, Morgan, or Shelby, in the State of Indiana, at any time during the period from and including July 1, 2000 through and including May 25, 2004, but excluding Defendants, their co-conspirators, their respective parents, subsidiaries, and affiliates, and federal, state, and local government entities and political subdivisions.

WHEREAS, on April 28, 2008, the Court entered an order certifying the Settlement Class for purposes of settlement, preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Settlement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) on May 14, 2008, Class Counsel caused the Notice of Class Action Settlement and Hearing in the form attached to the Settlement as Exhibit "A" ("Mailed Notice") to be mailed by United States First Class Mail to all known members of the Settlement Class, and on May 4 and May 6, 2008, caused the Published Notice in the form attached to the Settlement as Exhibit "B" to be published in the *Indianapolis Star*; and (2); the Affidavit of Irwin B. Levin filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice and the Published Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on July 18, 2008, at 10:00 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and Southfield, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Action, the benefits to the Settlement Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Southfield Corporation f/k/a Prairie Material Sales, Inc. and Gary Matney."

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Southfield and its counsel, and the Settlement Class and Southfield were represented by capable and experienced counsel.

6. The form, content and method of dissemination of the notice given to members of the Settlement Class, including both published notice and individual notice to all members of the

Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

7. The Settlement Agreement with Southfield is fair, reasonable and adequate and in the best interests of the Settlement Class, and is approved in all respects. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, Southfield, Southfield's counsel, Releasors and Releasees to effectuate the Settlement according to its terms.

8. The certification of the Settlement Class, under Rules 23(a), (b)(3) and (e), for purposes of effectuating the Settlement, is hereby confirmed.

9. Upon the occurrence of the Effective Date of the Settlement, Southfield Corporation, Matney and the other Releasees are hereby completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of or resulting from conduct (including any conspiracy, combination or agreement) concerning the pricing, selling, discounting, marketing, manufacturing, or distributing of Ready-Mixed Concrete in the Central Indiana Area during the Class Period, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action or any amendment thereto which arise under any federal or state antitrust statute, law, rule or regulation, including, without limitation, the Sherman Antitrust Act, 15 U.S.C.§§ 1 *et seq.* ("Released Claims"), provided, however, that nothing herein shall release any claim not associated with anticompetitive conduct, including, but not limited to, personal injury, wrongful death, product defect or breach of contract claims between the parties. The Releasors shall not,

after the Effective Date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.  No other Defendant in the above-captioned Action is released from any claim of any kind whatsoever as a result of the Settlement, the Court's approval of the Settlement or the entry of this Order and Judgment.

10. As to Southfield Corporation and Matney, but not as to any other Defendant, the above-captioned Action is hereby dismissed with prejudice and without assessment of costs or attorneys' fees against Southfield Corporation or Matney.

11. Any claims against Releasors arising out of, relating to or in connection with the Action as against Southfield are hereby released by the Releasees and their counsel, and they are permanently enjoined and barred from instituting, asserting or prosecuting any and all claims which the Releasees or their counsel or any of them, had, have or may in the future have against Releasors arising out of, relating to or in connection with the Action as against Southfield.

12. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiffs, the Settlement Class, Class Counsel, Southfield, Southfield's counsel, Releasors, Releasees and the Settlement Fund established pursuant to the Court's Preliminary Approval Order as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of the Settlement Fund prior to distribution, and distribution of the Settlement Fund.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY**.

SO ORDERED.

Date: ___08/07/2008

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana