**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: READY-MIXED CONCRETE | ) | Master Docket No. |
| ANTITRUST LITIGATION | ) | 1:05-cv-00979-SEB-JMS |
| | ) | |
| | ) | |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**DEFENDANTS' JOINT MOTION TO STRIKE**
**PLAINTIFFS' OCTOBER 8, 2008 FILINGS**

All non-settling defendants[1] (hereinafter "defendants") move that the Court strike plaintiffs' October 8, 2008 filings, including the report of plaintiffs' new expert, Dr. Rausser, Dr. Beyer's Reply Declaration, Plaintiffs' Consolidated Response in Opposition to Defendants' Motion to Exclude the Expert Testimony of Dr. John R. Beyer and Plaintiffs' Consolidated Reply in Support of Motion for Class Certification,[2] and in support state:

    1.    Plaintiffs' October 8th filings are in deliberate violation of this Court's orders that:

        a.    Plaintiffs file by August 1, 2007 "expert disclosures and reports, to the extent possible in light of defendants' discovery responses July 13, 2007" [Order of March 10, 2007, Doc. No. 283];

        b.    Plaintiffs' reply on class certification "*shall include their response* to any *Daubert* challenges" and that "*any additional expert testimony* filed in

---

[1] The IMI defendants, Builder's defendants and Beaver defendants join in this Motion.

[2] These filings are Doc. Nos. 671, 674 and Ex's. 38 and 39 to Levin's Reply, Doc. No. 675.

support is *limited to the issues raised in the Daubert challenge*" [Order of June 20, 2008, Doc. No. 617 (emphasis added)]; and

c.      The plaintiffs' "Combined Reply" was limited to "60 pages" [Order of October 8, 2008, Doc. No. 670].

2.      Soon after defendants' April 7, 2008 *Daubert* Motion, plaintiffs hired in May a new expert, Dr. Rausser, sought a 90 day extension to October 6, 2008 and tried in the tendered order *sub silento* to delete the Court's previous limitation of expert replies to *Daubert* issues.[3]  In direct violation of the Court's orders, and without even seeking leave to disregard the orders, plaintiffs have filed a new report by a new, previously undisclosed expert by which plaintiffs seek to entirely do-over their case.  Dr. Rausser's Report is replete with empirical testing that Dr. Beyer did not do –including econometric analysis through correlation, cointegration and regression analysis.  All of the analyses directly address the class certification issues and in fact criticize Dr. Beyer's methods of doing no scientific testing, using a three month moving averages and giving conclusions based solely on eyeballing.  Dr. Rausser's Report is not addressed to any *Daubert* issue, and is plainly outside the scope of the Court's orders.  [*See* IMI Defendants' Memorandum in Support, pp. 12-20 incorporated herein.]

3.      Again, in direct contravention of the Court's orders and without even seeking leave to disregard the orders, Dr. Beyer's 157 page "reply" report with Appendices B-G is not limited to the *Daubert* issues.  Among such new matter is econometric analyses which he did not do, but should have done, before – including correlation and cointegration testing.  He has even

---

[3] It would appear that plaintiffs have been planning since at least late April after receiving the *Daubert* motion to start-over with a new expert – hence, the attempt to submit a proposed order without the limitation of expert replies to *Daubert* issues, *see* Ex. 1 hereto, which is the order tendered by plaintiffs when seeking to extend the time from May 15th to October 6th.

gone so far as to change the contract (invoice) prices he initially used to recalculate the data and conceal the price premium by different means. This directly refutes his earlier sworn testimony. [*See* IMI Defendants' Memorandum in Support, pp. 21-30 incorporated herein.]

4.     Hidden within Dr. Beyer's new and changed report are yet two or more new, previously undisclosed experts. Dr. Beyer admitted he was not an expert in econometrics. In fact, he had never heard of "cointegration". However, in his reply he purports to critique Dr. Marshall's correlation and cointegration analysis (again, non-*Daubert* issues) – and then presents an analysis by undisclosed "econometricians of Nathan Associates". *See* Beyer Report, ¶¶ 76-86, pp. 38-41. Dr. Beyer cannot be a "mouth piece" for another expert. *See Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) (affirming the District Court's *Daubert* exclusion of an expert witness because he was simply serving as "the mouth piece of a scientist in a different specialty").

5.     Finally, again doing what the Court ruled just two days earlier that they could not do – plaintiffs filed two replies totaling 95 pages, which is more than fifty percent longer than the page limit set by the Court's October 8, 2008 Order [Doc. No. 670].

6.     Plaintiffs' sandbagging, starting-anew with at least three new experts to do-over the case (including Dr. Rausser, at least two unknown "econometricians from Nathan Associates" and Dr. Beyer's all new report) all in direct contravention of this Court's orders – should not be countenanced and should be stricken. This Court has done so repeatedly under far, far less egregious circumstances than those presented here to prevent sandbagging, to enforce the timely expert disclosure requirements of the Federal Rules, and to prevent injustice, delay and expense which results to the parties (*see Allgood v. General Motors Corp.*, 2007 WL 647496

I/2240006.7

(S.D. Ind. 2007) and *Nelson v. IPALCO Enterprises, Inc.*, 205 WL 1924332 (S.D. Ind. 2005)) and should do so here for the same reasons.

7.      If plaintiffs' improper filings are not stricken, defendants will be prejudiced by having to totally reopen expert discovery, including the need to depose Dr. Rausser, depose again Dr. Beyer and depose at least two as yet undisclosed "econometricians at Nathan Associates", have defendants' experts analyze the new reports and thereafter submit further reports.  The result of Plaintiffs' cavalier disregard of this Court's orders is that expert discovery on class certification must be redone, resulting in substantial wasted time and costs to the Defendants and the need to spend even more time and money on new expert discovery.  The case will be further delayed.   The undersigned lead counsel for defendants have conferred, investigated and considered the various new matter submitted by plaintiffs and represent to the Court that they estimate that experts will reasonably require an addition 90 to 120 days at the cost of $75,000 to $200,000 per month as will the attorneys to prepare the appropriate responses to the new matter and pursue the further discovery, and that further attorney fees will be required of similar amounts over the same period for redoing expert preparation and discovery in this case.

**WHEREFORE,** defendants move that the Court sustain this motion and strike plaintiffs' October 8, 2008 filings.

/s/ G. Daniel Kelley, Jr.
G. Daniel Kelley, Jr., #5126-49
Thomas E. Mixdorf, #16812-49
Edward P. Steegmann, #14349-49
Anthony P. Aaron, #23482-29
Abigail B. Cella, #24825-49

Attorneys for IMI Defendants

- 4 -

I/2240006.7

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282
(317) 236-2100

/s/ Judy L. Woods (by permission)
Judy L. Woods, Attorney No. 11705-49
Melinda R. Shapiro, Attorney No. 18153-49
Curtis T. Jones, Attorney No. 24967-64

Attorneys for Defendants
Builder's Concrete & Supply, Inc.
Gus B. ("Butch") Nuckols, III, and
John L. Blatzheim

BOSE McKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000

/s/Edward W. Harris III (by permission)
Edward W. Harris, Attorney No.
Gayle A. Reindl, Attorney No.
Jonathan G. Polak, Attorney No.
Abram B. Gregory, Attorney No.

Attorneys for Defendant
Beaver Materials Corporation

TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
(317) 713-3500

I/2240006.7

## CERTIFICATE OF SERVICE

I hereby certify that on October __, 2008, a copy of the foregoing was served electronically on the following counsel:

Robert K. Stanley
James H. Ham, III
Kathy Lynn Osborn
BAKER & DANIELS
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204
rkstanle@bakerd.com
jhham@bakerd.com
klosborn@bakerd.com

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
Eric S. Pavlak
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
sgilchrist@cohenandmalad.com
epavlack@cohenandmalad.com

Chris Gair
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611-7603
cgair@jenner.com

George W. Hopper
Jason R. Burke
HOPPER BLACKWELL
111 Monument Circle, Suite 452
Indianapolis, IN 46204
ghopper@hopperblackwell.com
jburke@hopperblackwell.com

Judy L. Woods
Curtis L. Jones
Steven M. Badger
BOSE McKINNEY & EVANS, LLP
135 North Pennsylvania Street
Suite 2700
Indianapolis, IN 46204
jwoods@boselaw.com
cjones@boselaw.com
sbadger@boselaw.com

J. Lee McNeely
Brady J. Rife
McNEELY STEPHENSON THOPY
 & HARROLD
30 East Washington Street
Suite 400
Shelbyville, IN 46176
jlmcneely@msth.com
bjrife@msth.com

Michael S. Denniston
BRADLEY ARANT
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
mdenniston@bradleyarant.com

Edward W. Harris, III                                    Frank J. Vondrak

- 6 -

I/2240006.7

Gayle A. Reindl
Jonathan G. Polak
Abram B. Gregory
TAFT LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204-2023
eharris@taftlaw.com
greindl@taftlaw.com
jpolak@taftlaw.com
agregory@taft.com

Michael W. Boomgarden
Jonathan A. Epstein
Eric L. Schleef
U.S. Department of Justice
Antitrust Division
209 South LaSalle Street
Suite 600
Chicago, IL  60604
frank.vondrak@usdoj.gov
michael.boomgarden@usdoj.gov
jonathan.epstein@usdoj.gov
eric.schleef@usdoj.gov

Stephen D. Susman
Barry C. Barnett
Jonathan Bridges
SUSMAN GODFREY LLP
901 Main Street
Suite 4100
Dallas, TX  75202
ssusman@susmangodfrey.com
bbarnett@susmangodfrey.com
jbridges@susmangodfrey.com

s/s Edward P. Steegmann
Edward P. Steegmann, #14349-49
ed.steegmann@icemiller.com

*Attorneys for IMI Defendants*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana  46282
(317) 236-2100

I/2240006.7