IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE READY-MIXED CONCRETE ANTITRUST LITIGATION ) ) ) | Master Docket No. 1:05-cv-00979-SEB-JMS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) | |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT

WHEREAS, Plaintiffs Kort Builders, Inc., Dan Grote, Cherokee Development, Inc., Wininger/Stolberg Group, Inc., Marmax Construction, LLC, Boyle Construction Management, Inc., and T&R Contractor, Inc. ("Plaintiffs"), by Co-Lead Counsel, and Defendants Irving Materials, Inc. ("IMI"), Fred R. (Pete) Irving, Daniel Butler, John Huggins and Price Irving (collectively "IMI Defendants"), by counsel, have submitted the "Settlement Agreement with Irving Materials, Inc., Fred R. (Pete) Irving, Daniel Butler, John Huggins and Price Irving," dated December 15, 2009 ("Settlement"); and

WHEREAS, the Plaintiffs and the IMI Defendants applied pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order certifying a Class for settlement purposes, for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice as set forth in the Settlement;

WHEREAS, on December 22, 2009, pursuant to 28 U.S.C. § 1715, the IMI Defendants notified the United States Attorney General and the Attorney General of Indiana of the proposed Settlement and more than 90 days have passed since that the latter such notice was served;

WHEREAS, on December 18, 2009, the Court provisionally ordered that this Action may be settled as a class action on behalf of the following class (the "Settlement Class"):

> All Persons who purchased Ready-Mixed Concrete directly from any of the Defendants or any of their co-conspirators, which was delivered from a facility

within the Counties of Boone, Hamilton, Hancock, Hendricks, Johnson, Madison, Marion, Monroe, Morgan, or Shelby, in the State of Indiana, at any time during the period from and including July 1, 2000 through and including May 25, 2004, but excluding Defendants, their co-conspirators, their respective parents, subsidiaries, and affiliates, and federal, state, and local government entities and political subdivisions.

WHEREAS, on December 18, 2009, the Court entered an order certifying the Settlement Class for purposes of settlement, preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Settlement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) on January 7, 2010, Class Counsel caused the Notice of Class Action Settlement and Hearing in the form attached to the Settlement as Exhibit "A" ("Mailed Notice") to be mailed by United States First Class Mail to all known members of the Settlement Class, and on December 26, 2009 and December 28, 2009, caused the Published Notice in the form attached to the Settlement as Exhibit "B" to be published in the *Indianapolis Star*; and (2); the Affidavit of Irwin B. Levin filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice and the Published Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on March 29, 2010 at 10:00 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and the IMI Defendants, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Action, the benefits to

the Settlement Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Irving Materials, Inc., Fred R. (Pete) Irving, Daniel Butler, John Huggins and Price Irving."

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and the IMI Defendants and their counsel, and the Settlement Class and the IMI Defendants were represented by capable and experienced counsel.

6. The form, content and method of dissemination of the notice given to members of the Settlement Class, including both published notice and individual notice to all members of the Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

7. The notice provided by the IMI Defendants to federal and state government officials, in the form attached to the Settlement Agreement as Exhibit "D," inclusive of the attachments thereto, satisfied 28 U.S.C. § 1715, and 90 days have passed since the later of the

dates on which the appropriate federal official and the appropriate state official were served with the notice, as required under 28 U.S.C. § 1715(b).

8. The Settlement Agreement with the IMI Defendants is fair, reasonable and adequate and in the best interests of the Settlement Class, and is approved in all respects. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, the IMI Defendants, the IMI Defendants' counsel, Releasors and Releasees to effectuate the Settlement according to its terms.

9. The certification of the Settlement Class, under Rules 23(a), (b)(3) and (e), for purposes of effectuating the Settlement, is hereby confirmed.

10. On or before April 1, 2010, or five (5) days after the Court's entry of this Order and Final Judgment if such entry occurs after April 1, 2010, IMI, on behalf of itself, the IMI Defendants and all other Releasees, shall pay or cause to be paid to the Settlement Class $29,000,000 in settlement of the Action, which shall be remitted by IMI by wire-transfer into the Settlement Fund account at Baylake Bank, 217 N. 4th Avenue, Sturgeon Bay, WI 54235, and pursuant to instructions from Class Counsel, to be administered in accordance with the provisions of Section F of the Settlement Agreement. The Court shall have continuing jurisdiction over the Settlement Fund, including the investment, distribution and administration of the Settlement Fund, which shall at all times be maintained as a Qualified Settlement Fund within the meaning of Treasury Regulation 1.468B-1, as amended.

11. In the event $29,000,000 is not paid to the Settlement Class in full by IMI by April 1, 2010, or five (5) days after the Court's entry of this Order and Final Judgment if such entry occurs after April 1, 2010, then the Settlement Class, at its sole option and discretion, may (a) sue to enforce the settlement and to collect the $29,000,000 plus costs of collection, including

attorneys' fees, or (b) reinstate litigation in the Action as against the IMI Defendants.  In the event litigation in the Action is reinstated as against the IMI Defendants, the IMI Defendants and the Plaintiffs shall request the Court to keep the current July 2010 trial date and to complete all remaining discovery and dispositive motions in the three months between April 1, 2010 and July 2010.  All transaction data produced by IMI for the purposes of the mediation between the IMI Defendants and the Plaintiffs may be used in litigation in the Action and any trial of this matter.

       12.      Subject to the rights of the Settlement Class set forth in paragraph 10 of this Order and Judgment, upon the occurrence of the Effective Date of the Settlement, the IMI Defendants and other Releasees, and each of them, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action at law or in equity, or pursuant to statute, whether known or unknown, whether fraudulently concealed or otherwise concealed, or whether the damages or injury have fully accrued or will accrue in the future, whether class, individual or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have on account of, or related to, or arising out of or resulting from conduct, including but not limited to any conduct or action or inaction related to or arising out of any alleged conspiracy, combination or agreement concerning directly or indirectly the pricing, selling, discounting, marketing, manufacturing, or distributing of Ready-Mixed Concrete in or from the Central Indiana Area from the beginning of time through the end of the Class Period, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action or any amendment thereto, which arises under any federal or state antitrust or anticompetitive statute, law, rule, regulation, or common law doctrine, whether pursuant to a conspiracy or otherwise, including, without limitation, the Sherman Antitrust Act, 15 U.S.C.§§ 1 *et seq.,* and Indiana

Antitrust Statutes, Ind. Code § 24-1, *et seq.,* provided, however, that nothing herein shall release a claim not related to the foregoing antitrust or anticompetitive claims, such as claims for personal injury, wrongful death, product defect or breach of contract claims between buyers and sellers of Ready-Mixed Concrete (collectively herein "Released Claims").  The Releasors shall not, after the Effective Date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.  No other Defendant in the above-captioned Action is released from any claim of any kind whatsoever as a result of the Settlement, the Court's approval of the Settlement or the entry of this Order and Final Judgment.

13. Subject to the rights of the Settlement Class set forth in paragraph 10 of this Order and Judgment, and as to the IMI Defendants but not as to any other Defendant, upon the occurrence of the Effective Date of the Settlement the above-captioned Action is hereby dismissed with prejudice and without assessment of costs or attorneys' fees against the IMI Defendants.

14. Subject to the rights of the Settlement Class set forth in paragraph 10 of this Order and Final Judgment, upon the occurrence of the Effective Date of the Settlement, any claims against Releasors arising out of, relating to or in connection with the Action as against the IMI Defendants shall be completely released by the Releasees and their counsel, and they shall be permanently enjoined and barred from instituting, asserting or prosecuting any and all claims which the Releasees or their counsel or any of them, had, have or may in the future have against Releasors arising out of, relating to or in connection with the Action as against the IMI Defendants.

15. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiffs, the Settlement Class, Class Counsel, the IMI Defendants, the IMI Defendants'

counsel, Releasors, Releasees and the Settlement Fund as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of the Settlement Fund prior to distribution, and distribution of the Settlement Fund.

**THERE BEING NO JUST REASON FOR DELAY, JUDGMENT IS ENTERED ACCORDINGLY**.

      SO ORDERED.

Date: __03/30/2010__

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana