IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: READY-MIXED CONCRETE ANTITRUST LITIGATION, | ) Master Docket No. ) 1:05-cv-00979-SEB-JMS ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARD OF CLASS REPRESENTATIVES' <u>INCENTIVE FEE FROM BEAVER AND HUGHEY SETTLEMENTS</u>**

Plaintiffs, Kort Builders, Inc., Dan Grote, Cherokee Development, Inc., Wininger/ Stolberg Group, Inc., Marmax Construction, LLC, Boyle Construction Management, Inc., and T&R Contractor, Inc. (collectively "Plaintiffs"), by Settlement Class Counsel ("Class Counsel"), have filed their Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Award of Class Representatives' Incentive Fee from Beaver and Hughey Settlements ("Fee Motion") and supporting materials. Having reviewed the Fee Motion, the Declaration of Irwin B. Levin ("Levin Dec.") and materials submitted therewith, and the Memorandum in support of the Fee Motion, the Court now finds and orders as follows:

1. On February 11, 2009, the Court entered Orders Preliminarily Approving Settlement, Certifying Settlement Class, and Directing Notice (Doc. Nos. 796-97) granting preliminary approval to the Settlement Agreement With Hughey, Inc. d/b/a Carmel Concrete Products and Scott D. Hughey ("Hughey Settlement") (Doc. No. 790-1) and the Settlement Agreement With Defendants MA-RI-AL Corporation d/b/a Beaver Materials Corporation, Chris Beaver, and Ricky Beaver ("Beaver Settlement"). (Doc. No. 792-1). Under the terms of the

Beaver Settlement, the Beaver Defendants are to pay the sum of $200,000 for the benefit of the Settlement Class in two installments. Beaver Settlement, ¶ 22. Under the terms of the Hughey Settlement, Hughey, Inc. is to pay the sum of $375,000 for the benefit of the Settlement Class. Hughey Settlement, ¶ 23.

2.  Both Settlements provide for the settlement amounts to be paid into a "Settlement Fund" subject to the jurisdiction of the Court and to be administered for the benefit of the Settlement Class by Class Counsel. Beaver Settlement, ¶¶ 22, 25; Hughey Settlement, ¶ 23. The Settlements further provide that Plaintiffs and Class Counsel shall have the right to seek, and the Beaver and Hughey Defendants shall not oppose, Court approval of payments from the Settlement Funds for distribution to Settlement Class members or to reimburse Class Counsel for reasonable expenditures made or to be made by Class Counsel in the prosecution of the Action against the Other Defendants. Beaver Settlement, ¶26; Hughey Settlement, ¶ 24. The intention of Class Counsel to seek the payment of such expenses from the Beaver and Hughey Settlement Funds was brought to the attention of Settlement Class members. Beaver Settlement, Exhibit A (mailed Notice), ¶ 7, and Hughey Settlement, Exhibit A (mailed notice).

3.  With regard to the payment of attorneys' fees and litigation expenses, the Beaver Settlement contains the following provision:

> Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees and expenses. Plaintiffs and Class Counsel shall seek, and the Beaver Defendants shall not oppose, the Court's approval of the payment of attorneys' fees in the amount of 33 1/3 % of the Settlement Amount, and reimbursement of reasonable expenses, to be paid from the Settlement Fund.

Beaver Settlement, ¶ 27. Similarly, with regard to the payment of attorneys' fees and litigation expenses, the Hughey Settlement contains the following provision:

> Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and expenses. Plaintiffs and Class Counsel shall have the right to seek, and the Hughey Defendants shall not oppose, the Court's approval of the payment of attorneys' fees in an amount not to exceed 33 1/3 % of the Settlement Amount, and reimbursement of reasonable expenses, to be paid from the Settlement Fund.

Hughey Settlement, ¶ 25.

4. The notice also specifically advised Settlement Class Members that Class Counsel will seek the payment of attorneys' fees in the amount of one-third of the Settlement, as well as the reimbursement of expenses, and that the IMI Defendants will not oppose this request:

> Class Counsel will file a petition with the Court no later than seven days prior to the Fairness Hearing asking for payment of attorneys' fees in the amount of 33 1/3 % of the Settlement Amount, and the reimbursement of reasonable expenses, to be paid from the Settlement Fund, which petition will be available on the settlement website. The Court may consider whether to approve the payment of attorneys' fees and expenses in this amount during the Fairness Hearing, or at a later time determined by the Court.
>
> [Beaver/The Hughey Defendants] have agreed not to oppose a request by Class Counsel for a payment of attorneys' fees in the amount of 33 1/3 % of the Settlement Amount, and the reimbursement of reasonable expenses, to be paid from the Settlement Fund. If the Court approves these fees and expenses, they will be paid from the Settlement Fund. … .

Beaver Settlement, Exhibit A (mailed Notice), ¶ 17; Beaver Settlement, Exhibit A (mailed Notice), ¶ 17. Further, the Fee Motion, the supporting Memorandum and the Levin Declaration were posted on the settlement website. Levin Dec., ¶¶ 9, 11.

5. Class Counsel request an award of attorneys' fees in the amount of 33 1/3 % of the Beaver and Hughey Settlement Funds, or $191,648, which is not opposed by Beaver or Hughey. Levin Dec., ¶ 12. Class Counsel also request a reimbursement of expenses from the Beaver and Hughey Settlement Funds in the amount of $96,737.59. *Id.* Finally, Class Counsel request the award of an incentive fee in the amount of $1,000 for each named Plaintiff. Levin Dec., ¶ 17.

6. On March 31, 2009, the Court entered its Order Granting Plaintiffs' Motion for Approval of Proposed Plan of Distribution of Settlement Funds, Award of Attorneys' Fees and Reimbursement of Expenses, and Award of Class Representatives' Incentive Fees (Doc. No. 732) ("First Distribution Order"). The Distribution Order applied to the combined Settlement Funds from the American, Shelby and Prairie Settlements. On March 30, 2010, the Court entered its Order Granting Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Award of Class Representatives' Incentive Fee from IMI Settlement (Doc. No. 823) ("IMI Distribution Order"), which adopted the same legal and factual analysis set forth in the First Distribution Order. Much, if not all, of the Court's analysis of fees and expenses in the First Distribution Order and IMI Distribution Order also applies to the Plaintiffs' present request for fees and expenses from the Beaver and Hughey Settlement Funds.

7. The Court therefore adopts and incorporates herein the factual and legal analyses, findings of fact, and conclusions of law set forth in the First Distribution Order and the IMI Distribution Order. The Court further finds: (i) with the Beaver and Hughey Settlements, Class Counsel have created additional Settlement Funds in the amount of $575,000, and are entitled to compensation and reimbursement of expenses under the common fund doctrine for their efforts in creating the Beaver and Hughey Settlement Funds for the benefit of class members; (ii) the "percentage of the fund" approach to determining reasonable attorneys' fees is favored by the Seventh Circuit is also the most accurate reflection in this case of the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time; and (iii) Class Counsel's proposed attorney fee is supported by the risk of nonpayment in this case, Class Counsel's actual agreements with Plaintiffs to provide services, Class Counsel's opinion concerning the market rate for attorneys' fees in litigation of this type, data

concerning awards of attorneys' fees in similar cases, the quality of Class Counsel's performance, the amount of work necessary to resolve the litigation, and the stakes of the case.

8. The Court therefore finds, based upon the foregoing, that the "market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time" is a contingent fee in the amount of one-third (1/3) of the common fund recovered. *Sutton v. Bernard,* 504 F.3d 688, 692 (7th Cir. 2007). Class Counsel's request for a fee award in the amount of $191,648 to be paid from the Beaver and Hughey Settlement Funds is therefore approved.

9. Class Counsel have also requested that the Court approve an award of $96,737.59 from the Beaver and Hughey Settlement Funds to reimburse Class Counsel for litigation expenses incurred or received from February 28, 2010 through May 7, 2010. Levin Dec., ¶¶ 12. Class Counsel reports that their request for reimbursement is based upon categories of expenses that are customarily charged to clients in the market for legal services, and are included in rates and amounts that are customary in the market. Levin Dec., ¶¶ 14-16 and Ex. "A." Moreover, these are expenses that are normally recovered from a settlement fund net of attorneys' fees, which is the arrangement set forth in Class Counsel's agreements with the Plaintiffs. Levin Dec., ¶ 16. Reimbursement of expenses from the Beaver and Hughey Settlement Funds is also contemplated by the Settlements. Beaver Settlement, ¶ 26; Hughey Settlement, ¶ 24.

10. The Court finds that Class Counsel's request for reimbursement of expenses from the Beaver and Hughey Settlement Funds is based upon an itemization and amounts that are consistent with market rates and practices and are further supported by the facts and circumstances of this case as set forth above. Class Counsel's request for the reimbursement of

expenses from the Beaver and Hughey Settlement Funds in the amount of $96,737.59 is therefore approved

11.     Finally, Class Counsel have requested that the seven named Plaintiffs be awarded an additional $1,000 each as a class representative incentive fee from the IMI Settlement Fund. Levin Dec., ¶ 17.  The Court hereby adopts the factual and legal analysis, findings and conclusions in its previous Orders that address the issue of class representative incentive fees. First Distribution Order, ¶¶ 37-41; IMI Distribution Order, ¶¶ 31-36.  The Court finds that an award for each of the Plaintiffs is appropriate to provide an incentive for their participation, that the requested awards are highly reasonable in light of other awards approved in this Circuit, and that the requested awards are supported by "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation."  *Cook v. Niedart*, 142 F.3d 1004, 1016 (7th Cir. 1998) (citations omitted) (affirming $25,000 incentive award to plaintiff).  Class Counsel's request for a class representative incentive award to each named Plaintiff in the amount of $1,000 is therefore approved.

IT IS THEREFORE ORDERED by this Court that:

1.      The Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Award of Class Representatives' Incentive Fee From Beaver and Hughey Settlements is hereby granted;

2.      Class Counsel's request for an award of attorneys' fees in the amount of $191,648 is hereby granted and the Claims Administrator is authorized and directed to pay this sum to Class Counsel from the Beaver and Hughey Settlement Funds following the Effective Date of the

Settlements as defined therein and, to the extent such Settlement Amounts are to be paid in installments, as they are paid into and available from the Settlement Funds;

3. Class Counsel's request for the reimbursement of litigation expenses in the amount of $96,737.59 is hereby granted and the Claims Administrator is authorized and directed to pay this sum to Class Counsel from the Beaver and Hughey Settlement Funds following the Effective Date of the Settlements as defined therein;

4. Class Counsel's request for an award of incentive fees in the amount of $1,000 each to the named Plaintiffs is hereby granted, and the Claims Administrator is authorized and directed to issue a check in this amount from the Beaver and Hughey Settlement Funds to each named Plaintiff and deliver the same to Class Counsel for distribution following the Effective Date of the Settlements as defined therein; and

5. The Court retains jurisdiction over the parties, the Settlement Class, the Beaver and Hughey Settlement Funds and the Claims Administrator for purposes of effectuating the terms of the Beaver and Hughey Settlements and the terms of this Order.

SO ORDERED.

Date: 05/17/2010

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana